No. 86-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

LARRY E. EVANS and E. JEAN EVANS,
husband and wife,

       Plaintiffs and Appellants,

  -vs-

TEAKETTLE REALTY, a Montana corporation,

       Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        McGarvey, Lence & Heberling; Jon L. Heberling argued,
        Kalispell, Montana

    For Respondent:

        Murray, Kaufman, Vidal & Gordon; Daniel W. Hileman
        argued, Kalispell, Montana

Submitted: March 19, 1987

Decided: April 10, 1987

Filed: APR 10 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Mr. and Mrs. Evans obtained a jury verdict in Flathead County District Court against defendant Teakettle Realty (Teakettle) for negligence and violation of the Consumer Protection Act. The Evans appeal the District Court's reduction of their recovery by 50% for their own negligence, and the court's denial of costs and attorney fees. We affirm in part, reverse in part, and remand to the District Court.

The issues are:

1. Did the District Court err in applying the comparative negligence statute, § 27-1-702, MCA, to reduce the Evans' recovery under the Montana Consumer Protection Act?

2. Did the District Court err in denying costs to the Evans?

3. Did the District Court err in denying attorney fees to the Evans?

No transcript was provided on this appeal. The facts set forth here are from the pleadings and other documents in the District Court file. The Evans purchased their home in August 1982, through Teakettle. In this action, the Evans alleged that they noticed a strong odor in the house in January 1984 and then discovered that the septic tank was illegally located under a trap door in the floor of the utility room. They further alleged that the septic tank had overflowed, that the ground under the house was saturated with wastes, and that the resulting odor and methane gas rendered the house uninhabitable. They complained that Teakettle negligently and in violation of the Montana Consumer Protection Act (§§ 30-14-101 through 142, MCA) failed to inform them of the dangerous and illegal location of the septic tank.

This matter was tried by jury. In answer to special interrogatories, the jury found that Teakettle and the Evans were each negligent in causing the Evans' damages. The jury also found that Teakettle violated the Consumer Protection Act. It set the Evans' damages at $28,000 and apportioned the negligence 50% to the Evans and 50% to Teakettle.

The Evans filed post-trial motions for costs and for attorney fees under the Consumer Protection Act. The District Court denied the Evans' motions for costs and fees, and reduced their recovery by 50% for their own negligence under the comparative negligence law. The Evans appeal these post-trial determinations.

I

Did the District Court err in applying the comparative negligence statute, § 27-1-702, MCA, to reduce the Evans' recovery under the Montana Consumer Protection Act?

The jury's answers to special interrogatories do not establish whether the $28,000 in damages awarded to the Evans were for Teakettle's negligence or for its violation of the Consumer Protection Act. The District Court ruled:

> In the special verdict presented to the jury in this case, damages attributable to negligence were not separated from damages attributable to a violation of the Consumer Protection Act. Thus, there is no method by which this Court may reduce the negligence portion of the award, but spare the Consumer Protection Act portion of the award.
>
> It is axiomatic that negligence awards are reduced by any negligence of the plaintiff. It is additionally clear that in this case, Plaintiffs were equally responsible for the damages suffered. A full award, unreduced by Plaintiffs' negligence, would be clearly contrary to statute, and fly in the face of accepted negligence theories.

3

The Evans do not dispute application of the comparative negligence statute to the jury's finding that Teakettle was negligent. But they argue that their own simple negligence cannot be weighed against violation of the Consumer Protection Act, which they assert requires a greater level of wrongdoing. They contend that therefore the damages should not be reduced.

The instructions given to the jury do not distinguish acts which constitute negligence from those which violate the Consumer Protection Act. Instruction No. 27 labels the realtor's failure to ascertain facts about the property and to disclose such facts to the potential buyers as a violation of the Consumer Protection Act. Instructions No. 24 and 25 define the same failures to ascertain and disclose as negligence. Yet the instructions set the damages for violation of the Consumer Protection Act differently than the damages for negligence. Instruction No. 15 applies the principles of comparative negligence. Instruction No. 27 states that if Teakettle has violated the Consumer Protection Act, the Evans are "entitled to all actual damages caused thereby." Neither the Evans nor Teakettle has requested a new trial to remedy this apparent contradiction. It is not the Evans' hope to get a new trial, but to increase the damage award.

The jury found violations of the Act as well as negligence on the part of Teakettle. The law as stated in the instructions does not allow us to separate Teakettle's actions in violation of the Consumer Protection Act from its actions which were negligent. We affirm the District Court's reduction of damages based on Instruction No. 15.

## II

Did the District Court err in denying costs to the Evans?

4

The Evans argue that they are entitled to recover their costs under § 25-10-101(3), MCA:

> Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases:
>
> . . .
>
> (3) in an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over $50;
>
> . . .

Although its judgment for the Evans was in the amount of $14,000, the District Court originally denied their motion for costs. On the Evans' motion for reconsideration, however, the court acknowledged that it should have awarded costs. The Evans raise this matter on appeal only because the motion for reconsideration was decided after the notice of appeal was filed. We reverse the District Court's original judgment as to costs, and order that allowable costs under § 25-10-201, MCA, be awarded to the Evans.

### III

Did the District Court err in denying attorney fees to the Evans?

The Consumer Protection Act allows for attorney fees at § 30-14-133(3), MCA:

> In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action.

Under the verdict form used here, it is not possible to apportion the damages between the negligence count and the Consumer Protection Act count. The District Court reasoned that "[p]laintiffs were equally negligent in the events leading to their action, and it would be patently unfair to

5

award them attorney fees in that situation." In the absence of a record on appeal, we cannot evaluate the District Court's basis for denying attorney fees. Under these circumstances, we will not interfere with the District Court's discretion in denying attorney fees to the Evans.

Affirmed in part, reversed in part, and remanded to District Court for a determination of the costs to which the Evans are entitled.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
District Judge M. James Sorte

6

Mr. Justice John C. Sheehy, dissenting:


I dissent. In my opinion, the instructions given to the jury, as interpreted by the special verdict, are so confusing that it cannot be determined on what theory of recovery the jury based its verdict of damages. In that situation, a new trial is required.

I.

It cannot be determined from the instructions on the special verdict whether the jury intended that its verdict of $28,000 be reduced under comparative negligence, or whether it intended that figure to be the full compensation to the plaintiffs for a violation by Teakettle of the Montana Consumer Protection Act.

Court's instruction no. 15 to the jury provided in pertinent part:

> If you find from all the evidence that the negligence of the plaintiffs was greater than that of a defendant or that of the combined negligence of all the defendants, then you are instructed that the plaintiffs are not entitled to recover damages for the injuries, and you shall return a verdict on the cause of action based on negligence for the defendants.
>
> If you find that the plaintiffs as well as one or more defendants were negligent and that the negligence of the defendant(s) was equal to or greater than the negligence of the plaintiff, then the plaintiffs will be allowed to recover.
>
> If the plaintiffs are allowed to recover, the damages will be reduced by the court by the percentage of plaintiffs' negligence, if any.

The duty of the real estate agent in selling realty to a buyer was described by the court in court's instruction no. 21:

The duty of a real estate agent, representing the seller, to disclose facts, includes the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale and to disclose to prospective purchasers all facts materially affected or value or desirability of the property that such an investigation would reveal.

And in court's instruction no. 25, the court said in part:

A realtor has a duty "to disclose to a buyer a material fact regarding the condition of a parcel of real estate of which a licensee (realtor) has knowledge" . . .

But, in instruction no. 27, the court definitely gave the impression to the jury that if they found a violation under the Montana Consumer Protection Act then the plaintiffs would recover the full amount of their damages. In pertinent part, the instruction said:

. . . If you find that defendant Teakettle Realty failed to endeavor to ascertain all pertinent facts concerning the property, then this is a violation of public policy and an unfair act and practice under the Montana Consumer Protection Act, and the Evans' are entitled to all actual damages caused thereby.

If you find that defendant Teakettle Realty failed to disclose to the Evans any material fact concerning the condition of the subject property, of which Teakettle Realty had knowledge, then this is a violation of public policy and an unfair act or practice under the Montana Consumer Protection Act, and that Evans' are entitled to all actual damages caused thereby.

The readers' attention is invited now to the portion of the special verdict applying to Teakettle which was returned by the jury in the light of the foregoing instructions:

Question 5:    Was defendant Teakettle negligent?
Yes ____X_____

If your answer is "yes" now answer question 6 . . .

Question 6: Was defendant Teakettle's negligence a legal cause of the damages to the plaintiffs? Yes ___X___

Did defendant Teakettle violate the Consumer Protection Act? Yes ___X___

Question 8: If so was the violation a legal cause of damages for the plaintiffs? Yes ___X___

Question 9: Were the plaintiffs or either of them negligent? Yes ___X___

If your answer is "yes" answer question 10 . . .

Question 10: Was the negligence of the plaintiffs a legal cause of damage to them? Yes ___X___

Now answer question 11.

Question 11: What was the full amount of damages sustained by the plaintiffs? $28,000.00 (Twenty-Eight Thousand Dollars)

Question 12: Considering the negligence of the plaintiffs, if any, and the negligence of the defendants as totaling 100%, what percentage attributable to . . .

     Defendant Teakettle 50%
     Plaintiffs       50%

Thus, under the instructions and the special verdicts which were submitted to the jurors, they found that the defendant Teakettle was liable to the Evans upon two theories of recovery, one for negligence, and the second for a violation of the Consumer Protection Act.

What cannot be determined from the answers in the special verdict is whether the jury intended that the damages be apportioned under negligence, or not apportioned as the court instructed under the Consumer Protection Act.

We are in no better a position than the District Court to determine what the jury meant in this case. On the other hand, the District Court is in no better position than we to determine their meaning. For that reason, I would require a new trial before a properly instructed jury.

## II.

The majority opinion does not address the principal issue in this case, which is when the jury finds a violation of the Montana Consumer Protection Act, which violation is a legal cause of damages to the plaintiffs, are those damages subject to reduction on the theory of comparative negligence? This important question should be met by us in this case.

After the jury verdict in this case, plaintiffs moved for treble damages for a violation of Montana Consumer Protection Act under § 30-14-133, MCA. The District Court denied the motion for treble damages, and decided to reduce the damages found by the percentage of plaintiffs' negligence saying:

> The jury determined that plaintiffs suffered damages in the amount of $28,000.00. The jury was also instructed that any negligence of the plaintiffs must be determined and will offset or reduce a damage award. In 1980, the Montana Supreme Court addressed a similar situation in Kopischke v. First Continental Corporation ____ Mont. ____, 610 P.2d 668 (1980), wherein plaintiffs damage award for injuries was reduced by plaintiffs' negligence. In that action, the plaintiff alleged that defendant violated the Consumer Protection Act. The Supreme Court held that it was a jury question whether a violation occurred. The Supreme Court affirmed the trial court on jury verdict, and upheld the reduction of damage awarded by plaintiffs negligence.
>
> In the case at bar, the jury determined that plaintiffs were 50% negligent. Under Montana's comparative negligent statute, § 27-1-702, MCA, the award must be reduced by 50%. See Schwartz,

- 10 -

*Comparative Negligence*, § 3.5(B) (1978 Supp.). *Kopischke* is controlling.

The District Court misconstrued our holding in *Kopischke* but in fairness to the court, its decision in this case seems to have been grounded on the presence of negligence on all sides:

> An award of treble damages is at the discretion of the court, and normally imposed to reward a party, or to serve as a punishment or warning to others. In this case, negligence existed in all sides; plaintiffs were not without fault. The case at bar does not appear to be appropriate for treble damages. Plaintiffs' motion is denied.

It is necessary for us to say, however, that the question whether damages found under a violation of the Consumer Protection Act can be reduced by comparative negligence has not been decided by this Court. In *Kopischke*, a violation of the Consumer Protection Act was not alleged in the plaintiff's complaint. See *Kopischke*, 610 P.2d 687. The question of the reduction of plaintiff's damages in *Kopischke* was not decided by this Court because the issue had not been preserved for appeal. We did not decide the issue, saying:

> Plaintiff raises as an issue on cross-appeal whether the jury's reduction of damages from $650,000 to $422,500 should be sustained. It appears that plaintiff made no objection at trial on this issue. Generally, we will not consider issues raised for the first time on appeal (citing a case).

*Kopischke*, 610 P.2d at 689.

It is therefore a matter of first impression to be decided by us in this case what should be the effect of negligence on the part of the consumer on the damages the consumer suffers through a violation of the Consumer Protection Act. I have an opinion as to how that question should be answered, and would answer it if this case were

- 11 -

going back for retrial. In view of the affirmance of the judgment in the District Court by the majority in this case, I will refrain from useless discussion.

_____
                         Justice

We concur in the foregoing dissent of Mr. Justice John C. Sheehy.

_____
                         Justice

_____
                         Justice